LAW OFFICE OF ANNE BRADY, PLLC
Anne Brady (SBN 026205)
Plaza Executive Suites
18444 N. 25th Avenue, Suite 420
Phoenix, AZ 85023
(623) 251-6673
Anne.brady@annebradylaw.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chien-Min Sung,<br><br>Plaintiff,<br><br>v.<br><br>Kinik NA, LLC,<br><br>Defendant. | **No. _________________**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chien-Min Sung, Ph.D. ("Dr. Sung"), for its Complaint against Defendant Kinik NA, LLC, ("Kinik") alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Dr. Sung is an individual residing at No. 4, Lane 32, Chung Cheng Road, Tansui, Taipei, Taiwan.

3. Upon information and belief, Kinik is a limited liability company organized and existing under the laws of Arizona, with its chief place of business at 12506 E. Kalil Dr.,

Scottsdale, Arizona 85259. Upon information and belief, Kinik sells and offers to sell products and services throughout the United States, including in this judicial district. It introduces products and services that perform infringing processes into the stream of commerce, knowing that they would be sold in this judicial district and elsewhere in the United States.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Arizona. Further, this Court has personal jurisdiction over Kinik because it is organized in Arizona and has purposely availed itself of the privileges and benefits of the laws of the State of Arizona.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,039,641**

7. The allegations set forth in the foregoing paragraphs 1 through 6 are incorporated into this First Claim for Relief.

8. On March 21, 2000, U.S. Patent No. 6,039,641 ("the '641 patent"), entitled "Brazed Diamond Tools by Infiltration," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '641 patent is attached as Exhibit 1.

9. Dr. Sung is the assignee and owner of the right, title and interest in and to the'641 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

10. Upon information and belief, Kinik has and continues to directly infringe one or more claims of the '641 patent under 35 U.S.C. § 271 by making, using, selling, importing and/or providing and causing to be used products that are used to polish semiconductor wafers, which products by way of example include semi-conductor Chemical Mechanical Planarization (CMP) tools such as the CMP Diamond disk (the "Accused Instrumentalities").

11. Upon information and belief, Kinik has knowledge of the '641 patent, and Kinik has induced and continues to induce others to infringe at least one claim of the '641 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Kinik's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '641 patent.

12. In particular, each of Kinik's actions that aid and abet others, such as their partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Kinik has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Kinik has had actual knowledge of the '641 patent and knowledge that its acts were inducing infringement of the '641 patent since at least the date on which Kinik acquired such knowledge.

13. Upon information and belief, Kink is liable as a contributory infringer of the '641 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States semiconductor wafer polishing tools to be especially made or adapted for use in an infringement of the '641 patent. The Accused Instrumentalities are material components for use in practicing

the ’641 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

14. Dr. Sung has been harmed by Defendant’s infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,124,753**

15. The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this Second Claim for Relief.

16. On October 24, 2006, U.S. Patent No. 7,124,753 (“the ’753 patent”), entitled “Brazed Diamond Tools and Methods for Making the Same,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’753 patent is attached as Exhibit 2.

17. Dr. Sung is the assignee and owner of the right, title and interest in and to the ’753 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

18. Upon information and belief, Kinik has and continues to directly infringe one or more claims of the ’753 patent under 35 U.S.C. § 271 by making, using, selling, importing and/or providing and causing to be used products that are used to polish semiconductor wafers, which products are made using a process covered by the ’753 patent, and which by way of example include semi-conductor Chemical Mechanical Planarization (CMP) tools such as the CMP Diamond disk (the “Accused Instrumentalities”).

19. Dr. Sung has been harmed by Defendant’s infringing activities.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dr. Sung demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Sung demands judgment for itself and against Kinik as follows:

A. An adjudication that Kinik has infringed the '641 patent and the '753 patent;

B. An award of damages to be paid Kinik adequate to compensate Dr. Sung for Kinik's past infringement of the '641 patent and the '753 patent, and any continuing or future infringement, through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Dr. Sung's reasonable attorneys' fees; and

D. An award to Dr. Sung of such further relief at law or in equity as the Court deems just and proper.

Dated: November 13, 2015

BY: DEVLIN LAW FIRM LLC

*_/s/ Timothy Devlin_*
Timothy Devlin
tdevlin@devlinlawfirm.com
1306 North Broom Street, Suite 1
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorney for Plaintiff Dr. Chien-Min Sung*

*_/s/ Anne Brady_*
Anne Brady (AZ Bar #026205)
Law Office of Anne Brady, PLLC
18444 N. 25th Avenue #420
Phoenix, AZ 85023
(623) 251-6673
Anne.brady@cox.net

*Attorney for Plaintiff Dr. Chien-Min Sung*